# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANTHONY MAIORANO,**
          **Petitioner,**

**v.**                                                       **Case No. 4:18cv071-MW/CAS**

**MARK S. INCH, Secretary,**
**Department of Corrections,**
          **Respondent.**
_____/

## REPORT AND RECOMMENDATION

On January 29, 2018, Anthony Maiorano filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On September 12, 2018, Respondent filed an answer, with exhibits.  ECF No. 13. Thereafter, Petitioner filed an amended § 2254 petition.  ECF No. 19. Respondent filed an answer to the amended petition on March 21, 2019. ECF No. 24.   Petitioner has not filed a reply, although he was given the opportunity to do so.  *See* ECF No. 23.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings before the Court show the petition should be denied.

## **Procedural Background**

On December 30, 2008, in case number 08-0472CF, the State of

Florida filed an information in the Second Judicial Circuit, Wakulla County,

charging Petitioner Anthony Joseph Maiorano with one count of possession

of more than twenty (20) grams of cannabis, a third degree felony, in

violation of section 893.13(6)(a), Florida Statutes.  Ex. C2.[1]  That same

day, in case number 08-0486CF, the State filed an information charging

Maiorano with three counts:  (1) trafficking in cocaine, a first degree felony,

in violation of section 893.135, Florida Statutes; (2) possession of cannabis

with intent to sell, a third degree felony, in violation of section

893.13(1)(a)2., Florida Statutes; and (3) possession of drug paraphernalia,

a first degree misdemeanor, in violation of section 893.147(1), Florida

Statutes.  Ex. C1 at 1.  On January 9, 2009, in case number 08-0480CF,

the State of Florida filed an information charging Maiorano with one count

of sale of a substance in lieu of cocaine, a third degree felony, in violation

of section 817.563, Florida Statutes.  Ex. C3.

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 13, and referenced in Respondent's answer to the amended petition, ECF No. 24.

At proceedings held June 10, 2009, Maiorano entered open pleas of no contest in all three cases.  *See* Ex. C1 at 10-15 (signed plea forms); 41-49 (transcript of hearing).  Maiorano also admitted to violating probation in case number 2007-CF-366.  Ex. B at 3-10; Ex. C1 at 8-9, 63-64.  The judge conducted a plea colloquy and then accepted Maiorano's pleas.  Ex. C1 at 48.  The defense stipulated to a factual basis.  *Id*. at 49.  The court accepted the stipulation, found a factual basis existed to support the charges, and found Maiorano entered the pleas freely, knowingly, and voluntarily.  *Id*.  Regarding sentencing, the court heard testimony from Maiorano's mother, his wife, and Maiorano himself.  *Id*. at 49-55, 62-63. The State asked for a sentence of thirty (30) years in prison.  *Id*. at 48, 61. In 2007-CF-366, the court revoked probation and sentenced Maiorano to five (5) years in prison, with credit for 192 days' time served.  *Id*. at 64.  In cases 2008-CF-472 and 2008-CF-480, the court sentenced Maiorano to five (5) years in prison, with credit for 192 days' time served, to run concurrent.  *Id*.  In 2008-CF-496, the court sentenced Maiorano to twenty (20) years in prison on Count 1, with a minimum mandatory term of three (3) years; five (5) years in prison on Count 2; and time served on Count 3;

to run concurrent to the sentences imposed in the other two cases.  *Id*. at 65-66.

On June 12, 2009, Maiorano's counsel filed a motion for reduction or mitigation of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c).  Ex. I.  In an order rendered September 11, 2009, the state trial court denied the motion with a citation to <u>Mitchell v. State</u>, 719 So. 2d 1258 (Fla. 1st DCA 1998).  Ex. J.

On January 21, 2010, Maiorano filed a pro se petition for writ of habeas corpus in the First District Court of Appeal (First DCA), seeking a belated appeal from his convictions and sentences in all four cases.  Ex. A at 103-07.  The First DCA granted this petition in an opinion filed October 6, 2010.  Ex. D.  Maiorano's counsel filed an initial brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), indicating no issues of arguable merit existed.  Ex. E.  Maiorano filed a pro se brief.  Ex. G.  On October 31, 2011, the First DCA per curiam affirmed the case without a written opinion.  Ex. H; Maiorano v. State, 75 So. 3d 273 (Fla. 1st DCA 2011).

In the meantime, on June 4, 2010, Maiorano filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure

3.800(a).  Ex. K at 1-9.  The State filed a response, *id*. at 10-14, and

Maiorano filed a reply, *id*. at 19-24.  By order rendered August 6, 2010, the

state trial court denied the motion.  *Id*. at 25.  Maiorano appealed to the

First DCA, assigned case number 1D10-4908.  *Id*. at 33.  On November 16,

2010, the First DCA affirmed the case without a written opinion and denied

Maiorano's motion for rehearing.  Exs. N, O; <u>Maiorano v. State</u>, 53 So. 3d

1029 (Fla. 1st DCA 2011).

On February 1, 2012, Maiorano filed a pro se motion for post-

conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex.

P at 1-22.  He subsequently filed supplements to the motion.  *Id*. at 23-32.

The State filed responses.  *Id*. at 41-46, 79-81.  In an order rendered

February 13, 2013, the state post-conviction trial court summarily denied

the Ground 1.  *Id*. at 82-112.  Maiorano filed a motion for rehearing and,

after a hearing thereon, the court granted rehearing by order on June 11,

2014, setting an evidentiary hearing on all grounds raised.  Ex. P at 126.

The evidentiary hearing on the Rule 3.850 motion took place

December 17, 2015, and Maiorano was represented by counsel.  Ex. Q.  At

the start of the hearing, Maiorano, through counsel, waived Grounds 2, 4,

and 5.  *Id*. at 8.  The court, counsel, and Maiorano discussed the grounds

and confirmed the waiver.  *Id*. at 8-13.  Thereafter, they proceeded only on

Grounds 1 and 3, both of which alleged ineffective assistance of counsel.

*Id*. at 13.  Both Maiorano and the State presented witnesses, and counsel

for both sides made arguments.  Ex. Q at 18-91, 91-143, 143-78.  In an

order rendered July 7, 2016, the court denied the Rule 3.850 motion.  Ex. P

at 145-50.

Maiorano appealed the denial of post-conviction relief to the First

DCA and filed a pro se brief, assigned case number 1D16-3542.  Ex. P at

179; Ex. S.  The State filed an answer brief, Ex. T, and Maiorano filed a

reply, Ex. U.  On November 17, 2017, the First DCA affirmed the case

without a written opinion.  Ex. V; <u>Maiorano v. State</u>, 236 So. 3d 1010 (Fla.

1st DCA 2017).  The mandate issued December 11, 2017.  Ex. V.

As indicated above, Maiorano filed his § 2254 petition on January 29,

2018, ECF No. 1, and he subsequently filed an amended § 2254 petition,

ECF No. 19.  In the amended § 2254 petition, Maiorano raises four

grounds, including two claims of ineffective assistance of counsel (IAC):

**(1)  Trial Court Error/Violation of Due Process –**
**Consideration of Uncharged Offenses**:  "Consideration of

uncharged offenses or unsubstantiated information prior to imposing sentence is impermissible; a violation of fundamental due process.  After the plea had been accepted, the prosecutor presented information that would support additional uncharged crimes and uncorroborated hearsay facts for the court to consider prior to imposing the sentence."  ECF No. 19 at 6.

**(2)  IAC – No Objection to Consideration of Uncharged Facts/Hearsay**:  "A state law procedure that creates a liberty interest is entitled to the procedural protections of the due process clause of the Fourteenth Amendment.  At Petitioner's sentencing hearing, counsel failed to object to the court's consideration of impermissible sentencing factors in aggravation and the court's prohibition of the Petitioner's right to allocution/rebuttal."  *Id*. at 9.

**(3)  Post-Conviction Trial Court Error – No Application of <u>Strickland</u>**:  "Claims of ineffective assistance by counsel are reviewed and decided by applying the rule established in <u>Strickland</u>.  Here, although the postconviction court provided record facts in arriving at what it concluded to be sufficient representation, the <u>Strickland</u> standard was not employed."  *Id*. at 13.

**(4)  IAC – No Objection to Harsher Sentence**:  "A determination of whether a sentence resulted from vindictiveness is conducted reviewing the totality of the circumstances.  Originally the Petitioner agreed to a 10 year plea offer; but at the plea hearing decided to plea open to the court.  Was counsel ineffective for failing to object, and due process violated, where a sentence of 20 years was imposed and the record lacks explanation for the harsher sentence?"  *Id*. at 15-16.

Respondent has filed an answer and exhibits, ECF No. 13, as well as an

answer to the amended § 2254 petition, ECF No. 24.  Maiorano has not

filed a reply, although give the opportunity to do so.  *See* ECF No. 23.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.  Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* <u>Cullen v. Pinholster</u>, 563 U.S. 170, 180-83

(2011); <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is

a 'difficult to meet' and 'highly deferential standard for evaluating state-

court rulings, which demands that state-court decisions be given the benefit

of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562

U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits." *Id*.

For claims of ineffective assistance of counsel (IAC), the United

States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made errors so
> serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second,
> the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial,
> a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate

ineffectiveness, a "defendant must show that counsel's performance fell

below an objective standard of reasonableness." *Id.* at 688.  To

demonstrate prejudice, a defendant "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Id.* at 694.  "A reasonable

probability is a probability sufficient to undermine confidence in the

outcome." *Id.* For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)). "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

### <u>Ground 1</u>:  Trial Court Error/Violation of Due Process – Consideration of Uncharged Offenses

In his first ground, Petitioner Maiorano argues the trial court violated due process in considering "uncharged offenses or unsubstantiated information prior to imposing sentence." ECF No. 19 at 6. In particular, Maiorano asserts that, after the trial judge accepted the pleas and proceeded to sentencing, the prosecutor provided information, in support of his argument for a 30-year sentence, describing "evidence of additional offenses that were not charged or included in the Petitioner's plea, nor was the information intertwined with the offenses to which the Petitioner was charged; specifically the described allegations of selling drugs to minors

and possession of a firearm." *Id*. at 7.  Further, the prosecutor stated Petitioner "is one of the most prolific drug dealers in Wakulla County." *Id*.; Ex. C1 at 57.  When defense counsel and Petitioner questioned the information, the prosecutor indicated he was "explaining the facts of the probable cause as they were cited."  Ex. C1 at 60; ECF No. 19 at 7.  Petitioner asserts this information was hearsay and "the state was required to present the probable cause/police report, law enforcement testimony/law enforcement's transcribed depositions to refute the Petitioner's challenge – or other evidence in support of the trustworthiness of the hearsay," but "the state never offered evidence in corroboration of the hearsay and the court failed to hold the state to its burden of production to verify the hearsay."  ECF No. 19 at 7.  Petitioner asserts the judge "misconstrued Petitioner's attempt to clarify and contest the veracity of the assertions made by the state as an attack on the plea."  *Id*. at 8.

Maiorano raised a similar claim in state court, in his pro se brief filed in connection with his <u>Anders</u> appeal.  In particular, he there asserted, "Appellant's due process rights were violated when Appellee introduced two (2) unsubstantiated allegations, possession of a firearm by a convicted felon, and unlawful sale of a controlled substance by a person 18 years of age or older to a person under the age of 18 to the trial court prior to

imposing sentence, for which the record supports the trial court

impermissibly considered prior [to] imposing a sentence almost five (5)

times greater than the lowest permissible sentence." Ex. G at 7-8. The

First DCA per curiam affirmed the appeal without a written opinion. Ex. H.

Maiorano entered a straight-up, open plea to the trial court on June

10, 2009. Ex. C1 at 41-68 (transcript of plea and sentencing hearing), 10-

15 (written and signed plea forms). At the start of the plea and sentencing

hearing, defense counsel, Justin Givens, stated:

> Judge, Mr. Maiorano is going to enter a plea to the bench
> today. He has got a few people that would like to speak. I
> don't know if you want to set it off to the end here or let him go
> ahead and do it now.

*Id*. at 42. An off-the-record discussion occurred after which the judge

asked, "Is there any understanding or agreement with the State?" *Id*. The

prosecutor answered, "No, sir." *Id*. Discussion ensued regarding the Rule

3.992(a) Criminal Punishment Code Scoresheet. *Id*. at 42-43. The lowest

permissible prison sentence in Maiorano's case was 44.775 months

according to the scoresheet. Ex. C1 at 37. The highest possible sentence

was 50 years. *Id*. The judge specifically questioned defense counsel and

Maiorano about Maiorano's understanding of the score sheet computation

and possible sentence:

THE COURT:  All right.  So he understands that his score point total is 87.7, which reflects under the code a sentencing range of 44 months – 44.75 months in the State penitentiary up to a maximum of 50 years.  And that Count 1 in Case 2008-486 requires a minimum mandatory sentence of three years, plus a $50,000 fine.  Does he understand that?

MR. GIVENS:  He does, Judge.

THE COURT:  All right.  And he understands that absent any basis for departure – there can, of course, be no departure from any minimum mandatory.  But absent a legal basis for a departure and demonstrated evidence to support by a preponderance that there would be an entitlement, there is no entitlement to any departure under Sections 921.0016 and 26 of the Florida Statutes.

Mr. Maiorano, do you understand that?

THE DEFENDANT:  Yes, sir.

*Id*. at 43-44.  Maiorano was then sworn.  *Id*. at 44.

During the subsequent plea colloquy, the judge confirmed with

Maiorano that no one had promised him any particular sentence and that

he wished to proceed without any agreement with the State:

THE COURT:  You have just heard your lawyer indicate you wish to enter pleas of no contest to each of the counts in each of the cases in this case, and you have no agreement or understanding whatsoever with the State.  And you've been informed of your sentencing guideline score sheet.

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  And has anyone in any fashion advised you or suggested to you or told you or promised you that you will receive any particular sentence?

THE DEFENDANT: No, sir.

THE COURT: Has anybody advised you or told you or suggested to you or promised to you that you should receive some expected sentence?

THE DEFENDANT: No, sir.

THE COURT: Has anybody advised you, told you, suggested to you, or promised you that you will serve any less number of days than your sentence that's actually imposed?

THE DEFENDANT: No, Your Honor.

THE COURT: All right. At this time then do you wish to proceed as indicated by your lawyer without any agreement with the State?

THE DEFENDANT: Yes, Your Honor.

*Id*. at 44-45. The judge confirmed that Maiorano understood the charges, the maximum and minimum penalties as indicated on the scoresheet, and the facts the State would have to prove before he could be found guilty. *Id*. at 45-46. The judge confirmed that his lawyer had discussed with him "any and all possible defenses" and that he was satisfied with his lawyer's advice and help. *Id*. at 46. The judge confirmed Maiorano understood the rights he was giving up by entering the pleas. *Id*. at 46-47. The judge also confirmed that no one forced, threatened, or coerced him to enter the pleas, and he was doing so freely, knowingly, and voluntarily because he believed it to be in his best interest. *Id*. at 47-48. Before finishing the

colloquy and accepting the pleas, the judge asked the prosecutor what he

intended to argue as the appropriate sentence and the prosecutor said,

"Thirty years in the Department of Corrections." *Id*. at 48.

> THE COURT:  All right.  Now having heard all of your rights and
> what the State intends to argue, you have a right to a trial or
> you have a right to enter your pleas.  At this time do you wish to
> enter your pleas as indicated, upon being so advised, Mr.
> Maiorano?
>
> MR. GIVENS:  One moment, Your Honor.
>
> (Defendant confers with counsel.)
>
> THE DEFENDANT:  I'm ready, Your Honor.
>
> THE COURT:  What?
>
> THE DEFENDANT:  I'm ready, yes, sir.
>
> THE COURT:  All right.  You nevertheless wish to enter your
> plea?  All right.  At this time the Court will accept the
> defendant's plea.  The Court finds – is there a factual basis?
>
> MR. GIVENS:  Your Honor –
>
> THE COURT:  Do you stipulate?
>
> MR. GIVENS:  Yes, yes, Your Honor, yes.

*Id*. at 48-49.  The judge found "there is a factual basis to support the

charges, the pleas are being entered freely, knowingly, and voluntarily,"

and accepted the pleas.  *Id*. at 49.

The hearing then transitioned to sentencing and the judge asked for "anything by way of mitigation or otherwise by the defendant," before hearing from the prosecution. *Id*. Defense counsel indicated Maiorano's wife and mother would address the court and Maiorano himself had a statement to read. *Id*. Maiorano's mother, Suzanne Maiorano, then stated, "It was my understanding he was offered ten years. This 30 years is totally – it's the first I've heard of it. And I thought we were coming today to plead on ten years." *Id*. at 49-50. The following transpired on the record:

> THE COURT: I don't have any idea what you're saying or talking about, ma'am. If you want to talk to him for just a minute, I'll continue the case.
>
> THE DEFENDANT: Your Honor, Mr. Campbell offered me ten years and I didn't want to take it because I scored out to 44 months. That's what she is talking about.
>
> THE COURT: You don't have – if you didn't accept his offer –
>
> THE DEFENDANT: I understand that, Your Honor.
>
> THE COURT – I f you don't accept his offer, then you are entering the plea without that. That's the reason I went over all this.
>
> THE DEFENDANT: Yes, sir.

*Id*. at 50. Maiorano's mother continued her statement, *id*. at 50-53, and then his wife spoke, *id*. at 53-54. Maiorano read his statement. *Id*. at 54-55. Maiorano asked the judge to "consider suspending the sentence or

lessening the sentence to allow [him] the chance to pay back [his] debt to

society and to show [the judge] that [he is] remorseful and that [he has]

changed." *Id.* at 54. He stated this was his "first time ever doing anything

like this" and he had "learned [his] lesson." *Id.* at 55. In the prosecution's

response, the following transpired:

> MR. CAMPBELL [prosecutor]: Your Honor, the defendant –
> and I have no malice towards his family – but we have got a
> pretty gross mischaracterization of his criminal history. Looking
> at his adult criminal history starting almost a decade now, 2001
> with an assault, a battery in 2002, public affray in 2005, he is
> caught smuggling dope into the jail.
>
> THE DEFENDANT: That was tobacco, Your Honor.
>
> MR. CAMPBELL: Contraband, pardon me, contraband into the
> jail in 2005, fleeing and eluding in 2001, dealing in stolen
> property in 2004.
>
> Judge, he has – from 2004 to 2006 the only real
> significant break in his criminal history was while he was
> incarcerated in the Department of Corrections. He went there
> from those offenses for a year and a day from a sentencing
> date of 12/14/05, and some other sentencing dates of 1/11/06,
> for trafficking in stolen property and defrauding pawnbrokers.
> Judge, the suggestion that this was an isolated incident is just
> incredulous. The defendant has now pled to multiple cases.
> Now, keep in mind, he is on probation on 07-366 for felony
> battery while he is doing this new narcotics offense. He then
> sells on, and has pled, on 08-480, 37 grams of powder. It turns
> out to be fake cocaine, but he sells it as cocaine. And that's
> done on November 18th of 2008.
>
> We then go to him – and, quite honestly, Judge, the State
> believes Mr. Maiorano is one of the most prolific drug dealers in
> Wakulla County. In a joint operation with the Leon County

Sheriff's Office and Wakulla County Sheriff's Office, the case of trafficking on 08-486, I think the Court should understand the real facts of that are a little different that what I believe Mr. Maiorano has led his family to believe.

The facts are that a confidential informant ordered cocaine from him. He and his codefendant, Mr. Miller, drove to Leon County. They were surveilled by helicopter. There he bought a trafficking quantity in marijuana, he bought over a pound of – I'm sorry, trafficking quantity of cocaine, over a pound of marijuana. There was a large amount of paraphernalia found in his house.

While they were surveilling him, they followed him back to Mr. Miller's house where the pound of marijuana was dropped off. That's the dope that's charged in 08-472. And then we end up with him with this trafficking weight of cocaine in his pocket when he pulls up at his house. At his house, he has it in a Crown Royal bottle, or a baggie, 38.8 – 38.3 grams, a packaged weight of 47 and a half, another small baggie of 8.6 grams. He has got spoons, he has got multiple baggies. When they do the search warrant on the house, Judge, they find cutting – which is inositol powder, a cutting agent, boxes of sandwich bags. One of the cars there held a firearm. I also would like to note, Judge, that when they executed the search warrant, they were surveilling this place, that this was basically like – it was like an Eckerd's, Judge. They had multiple cars pulling up while Mr. Maiorano was running to Tallahassee to re-up his cocaine. That when they did execute it, multiple juveniles were found there who were trying to buy, waiting for him to re-up to come back. Those are other people's children who Mr. Maiorano is preying against and being a drug dealer to.

The suggestion that this was all he had is defied by the fact that he also had $440 of cash with all that cocaine. He is – that's after going and buying a trafficking weight of cocaine, he still has $440 on his person with 17 $20 bills, two $50 bills. Judge, it is clear here that Mr. Maiorano has for almost a decade now decided to become a criminal and live a criminal

life.  He has done it through dealing in stolen property, he has done it through felony battery, he has done it through defrauding pawns, he has fled law enforcement, and now he has decided that his best chance for working is to sell dope and apparently sell it to juveniles.

MR. GIVENS [defense counsel]:  Your Honor, Mr. Maiorano would state that there was one juvenile there, it was his brother-in-law who lived with him part-time.  You know, we would state that the Crown Royal bag was not in his possession.  And, Judge, you know, again, the Legislature has given us some guidance here.  Mr. Maiorano does – the bottom sentencing guidelines is 44 months.

THE DEFENDANT:  Your Honor, Your Honor, the gun that he's talking about – I have no weapons.  I'm – I was a convicted felon.  When I got out of prison, I got rid of all my guns.  He is talking about a gun that was in T.J. Miller's truck and it was a .357 Derringer that had nothing to do with me.  It was in a vehicle that wasn't mine.

   And those people that were coming over, we were going to barbecue that night.  And I am not a drug dealer.  This is my first time ever doing something like this and he has no proof of what he's talking about saying that I am a Eckerd's Drug Store, sir.  I have never done anything like this.  This was my first time ever doing anything like this.  And I don't know what – I don't know what's going on here, but he is making me out to be something that I'm definitely not, sir.  I promise.

MR. CAMPBELL:  Your Honor, before I was interrupted, I was explaining the facts of the probable cause as they were cited.  Mr. Givens didn't have the benefit of being in the deposition.  Mr. Maiorano's credibility is suspect at best.

   This is the evidence that came out during depositions by the law enforcement officers who took down.  If he says he didn't posses the cocaine, then let's have a trial.  If he says he wasn't selling a fake substance, then he should have had a trial on the sale on November 18th, 2008.

> Mr. Maiorano has come in here with tears and with
> sympathetic family members and talking about his children, but
> he needs to recognize that when he deals to other people's
> children, that the law will catch up with him and he will be held
> in accord.

*Id*. at -61.  The prosecutor again stated the request for a 30-year prison

sentence.  *Id*. at 61.  Defense counsel stated, "Your Honor, Mr. Maiorano

states again that he wasn't selling to children."  *Id*.  At this point, the judge

put the following on the record:

> Let me explain to everybody here, a sentencing is not a
> trial.  And if there were matters to be contested, those were to
> be contested at trial.  And if there were – all of this that's being
> presented, if you have a sentencing, the matter has already
> been decided.

> He has admitted by his pleas what he is charged with.
> And you cannot come in in a sentencing and then continue to
> contest the charges.  You either have an agreement or you
> have a trial.  Or if you enter a plea straight up, then you are not
> having a trial and you are not going to have, under the guise of
> a sentencing proceeding, some sort of ad hoc trial proceeding
> where the defendant refutes everything that he's just admitted
> by his plea.

> So I don't know what we're doing here.  And people need
> to understand that under the statutes of this state, the courts
> are prohibited – he asked for mercy.  The courts are limited.
> The Legislature passes the laws in this state.  And the statutes
> say that we are prohibited from dispensing what the court might
> decide would be mercy, based on somebody's application for it.

> But everyone – and it is recognized, that when they
> commit criminal offenses, they are affecting their families and
> they are affecting their children.  And if everybody at sentencing

was entitled to some sort of disposition based on the affect of somebody not being able to see their children, or the affect on families, then of course nobody would be obligated to follow any law, and there would be no purpose in having any type of system that bears a penalty for violating the law.  If you violate it, and you are convicted of it, then you have to suffer the consequences.

So he can dispute all that he wishes, but at this time is there anything further that Mr. Maiorano wishes to say?

*Id*. at -62.  Maiorano stated he understood he "messed up" and that he deserves "to do time," and he then asked for the minimum prison sentence with "a lot of probation."  *Id*.

As indicated above, in 2007-CF-366, the judge revoked probation and sentenced Maiorano to five (5) years in prison, with credit for 192 days' time served.  *Id*. at 64.  In cases 2008-CF-472 and 2008-CF-480, the judge sentenced Maiorano to five (5) years in prison, with credit for 192 days' time served, to run concurrent.  *Id*.  In 2008-CF-496, the judge sentenced Maiorano to twenty (20) years in prison on Count 1, with a minimum mandatory term of three (3) years; five years in prison on Count 2; and time served on Count 3; to run concurrent to the sentences imposed in the other two cases.  *Id*. at 65-66.  Nothing indicates, in imposing the sentence, the judge considered any of the prosecution's statements challenged by Petitioner.  Indeed, the twenty-year sentence was less than the thirty-year

sentence sought by the prosecution and fell within the range permitted by the scoresheet.

Based on the foregoing, Petitioner Maiorano has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

### Ground 2:  IAC – No Objection to Consideration of Uncharged Facts/Hearsay

In his second ground, Petitioner Maiorano argues his trial counsel provided ineffective assistance by not objecting to the court's consideration of uncharged facts/hearsay. ECF No. 19 at 9. In particular, Maiorano asserts his "[t]rial counsel was deficient at the sentencing hearing for failing to assert a legally sufficient objection to the admission of the state's hearsay evidence disputing the truthfulness of the hearsay." *Id*. Maiorano concedes that he "and counsel contested the truth of the state's hearsay allegations," and "the prosecutor claimed that the facts were included in the probable cause/police report and law enforcement depositions" but "the state never produced the probable cause/police report, law enforcement testimony/transcribed depositions as a result of counsel failing to tender a legally sufficient objection." *Id*. at 10. Maiorano further asserts:

> [C]ounsel's record assertions disputing the truthfulness of the
> hearsay do not qualify as a sufficient and proper objection as
> no legal ground for the exclusion of the hearsay was offered by
> counsel.  Even if counsel's actions can be considered a
> sufficient objection to the hearsay on truthfulness grounds,
> counsel failed to follow through and insist corroboration of the
> hearsay be presented.  Lastly, it was proven at the evidentiary
> hearing during the questioning and testimony of the prosecutor
> that the hearsay information was not corroborated by the
> probable cause/police report as alleged at the sentencing
> hearing.

*Id*.  Maiorano alleges he suffered prejudice "by counsel's deficient

performance because impermissible sentencing factors were allowed to be

presented and considered by the court without objection prior to fashioning

the sentence."  *Id*.

As Respondent indicates, Maiorano raised a similar claim in the third

ground of his Rule 3.850 motion.  ECF No. 24 at 45; Ex. P at 16-21.  There,

however, Maiorano asserted IAC due to counsel's failure to object, not

because counsel's objection was not sufficient and proper, as he asserts in

this § 2254 petition.  *Compare* Ex. P at 16-21 *with* ECF No.19 at 9-11.

The state post-conviction trial court denied the claim, after an

evidentiary hearing, making the following findings:

> The Defendant claims that trial counsel rendered
> ineffective assistance of counsel when counsel failed to object
> to unsubstantiated allegations which resulted in the trial judge
> taking them into consideration before imposing sentencing.
> Specifically, that the Defendant was selling drugs to juveniles
> and that there was a gun in one of the vehicle[s].  Mr. Givens

[Maiorano's trial counsel] did bring to the Court's attention that there was one juvenile present, not several as the State contended. The Defendant himself acknowledged a gun, but stated it was located in a vehicle that he did not own. *Plea and Sentencing Transcript pp. 19-21*. Further, the State argued that some of the evidence it was citing to was based on officer depositions. The Defendant himself acknowledges in his motions that Judge Sauls interjected and basically shut any further argument down as to these issues. The Court finds that Mr. Givens sufficiently objected to the State's recitation of allegations and was not ineffective. Even if his lack of positing a "formal" objection is deemed ineffective, the Defendant failed to prove that the allegations were unsubstantiated and further how he was prejudiced. He merely concluded that these allegations resulted in the judge imposing a twenty year sentence on a first degree felony. Finally, because the Court disallowed further argument, the undersigned finds that this is, in fact, not an appropriate 3.850 issue, but an issue that should have been directly appealed as it revolves around the Court's actions and not defense counsel's actions. Ground III is denied.

Ex. P at 148-49. Maiorano challenged this ruling on appeal. Ex. S at 26-40. The First DCA affirmed the case per curiam without a written opinion. Ex. V.

The record supports the post-conviction trial court's finding that defense counsel sufficiently objected to the prosecutor's recitation in support of the request for the thirty-year sentence. *See* Ex. C1 at 59, 61 (transcript of sentencing). As Respondent indicates, under Florida law, "[n]o magic words are required when making an objection" and "'[a]n issue is preserved for appeal if the attorney's articulated concern is sufficiently

specific to inform the court of the alleged error.'" Conner v. State, 987 So.

2d 130, 133 (Fla. 2d DCA 2008) (quoting State v. Paulk, 813 So. 2d 152,

154 (Fla. 3d DCA 2002)); *see* ECF No. 24 at 49-50.  To the extent this is a

matter of state law, "it is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions." Estelle v.

McGuire, 502 U.S. 62, 67-68 (1991).

As indicated above, the parties stipulated to the factual basis for the

pleas.  Further, a review of the transcript of the evidentiary hearing reveals

that defense counsel did challenge the prosecutor's presentation during

sentencing.  Ex. C1 at 59, 61.  The record contains arrest reports and

statements of probable cause referenced by the prosecution.  Exs. C2, C3.

At the evidentiary hearing, witnesses testified individuals under age 18

were present when Maiorano was arrested; indeed, post-conviction counsel

stipulated at the hearing that "there were juveniles present."  Ex. Q at 131;

*see id*. at 31-32, 46, 73, 136, 138-41.

Based on this record, it was not unreasonable for the state court to

conclude that defense counsel's performance was not deficient.  The state

court's adjudication of Petitioner's claim did not involve an unreasonable

application of clearly established federal law, nor was it based on an

unreasonable determination of the facts.  Under the double deferential

review this Court applies to a <u>Strickland</u> claim evaluated pursuant to the

§ 2254(d)(1) standard, Petitioner's claim in this ground fails.

## Ground 3:  Post-Conviction Trial Court Error – No Application of <u>Strickland</u>

In his third ground, Petitioner Maiorano argues the state post-

conviction trial court did not apply the <u>Strickland</u> standard in denying the

third ground of his Rule 3.850 motion.  ECF No. 19 at 13.  As discussed in

the analysis of Ground 2, *supra*, Maiorano has not shown deficient

performance by counsel or prejudice resulting from any alleged insufficient

objection.  To the extent Maiorano argues in this ground that the state post-

conviction trial court did not apply the <u>Strickland</u> standard, his argument is

refuted by the court's order, which clearly sets forth and discusses that

standard.  Ex. P at 146.  As quoted in the analysis of Ground 2, *supra*, the

state court found defense counsel sufficiently objected and was not

ineffective.  *Id*. at 149.  Further, the court found that even if the objection

was deficient, Maiorano did not show prejudice.  *Id*.  Thus, contrary to

Maiorano's argument, the court did apply the <u>Strickland</u> standard.  This

ground should be denied.

## Ground 4:  IAC – No Objection to Harsher Sentence

In his fourth ground, Petitioner Maiorano argues his trial counsel

provided ineffective assistance by not objecting to the court's imposition of

a sentence harsher than that included in the plea offer.  ECF No. 19 at 15-

16.  Maiorano indicates he did not raise this claim in his direct appeal, nor

did he present it in his Rule 3.850 motion.  *Id*. at 17.  Thus, as Respondent

asserts, this ground is not exhausted and is procedurally defaulted.  *See*

ECF No. 24 at 59.  Attempting to overcome the procedural bar, Maiorano

asserts applicability of <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), and <u>Trevino v.

Thaler</u>, 569 U.S. 413 (2013).  ECF 19 at 18.

The state post-conviction court appointed counsel to represent

Maiorano by order dated February 8, 2013.  Ex. P at 82-83.  Although

Maiorano had already filed his Rule 3.850 motion at that point, the

evidentiary hearing did not occur until December 17, 2015.  Ex. Q.  Thus, it

is possible counsel could have filed an amended Rule 3.850 motion if

counsel had believed this claim should be raised.

In <u>Martinez</u>, the U.S. Supreme Court held that "[i]nadequate

assistance of counsel at initial-review collateral proceedings may establish

cause for a prisoner's procedural default of a claim of ineffective assistance

at trial."  566 U.S. at 9.  In particular, "[w]here, under state law, claims of

ineffective assistance of trial counsel must be raised in an initial-review

collateral proceeding, a procedural default will not bar a federal habeas

court from hearing a substantial claim of ineffective assistance at trial if, in

the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 17.  To overcome the default, Petitioner must show "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. at 14.  Petitioner must also show he was actually prejudiced by the default.  Coleman v. Thompson, 501 U.S. 722, 750 (1991). To establish actual prejudice, and permit federal habeas review of the claim, petitioner must show at least a reasonable probability the result of the proceeding would have been different. *See, e.g.*, Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Here, a review of the state court record reflects that the underlying ineffective-assistance-of-trial-counsel claim is not a substantial one.  As indicated previously, Maiorano entered a straight-up, open plea to the trial court on June 10, 2009.  Ex. C1 at 41-68 (transcript of plea and sentencing hearing), 10-15 (written and signed plea forms).  As reflected in the excerpts quoted in the analysis of Ground 1, *supra*, nothing indicates the trial judge knew a prior plea offer existed until after Maiorano had already entered his plea to the court.  Thus, contrary to Maiorano's assertions here, the record reflects the trial court was unaware of the prior plea offer until after Maiorano had rejected the offer and entered his straight-up pleas to

the court, which the court had accepted.  Nothing indicates the judge and the State anticipated or agreed Maiorano would receive a sentence of only ten years in prison.

Based on the foregoing, Petitioner Maiorano's underlying IAC claim is not substantial.  Petitioner has not demonstrated prejudice by the procedural default.  This ground should be denied.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that the amended § 2254 petition, ECF No. 19, be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).

Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any arguments as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## <u>Recommendation</u>

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition, ECF No. 19, be **DENIED**.  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2019.

<u>S/  Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.